## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                        **CRIMINAL ACTION**

**VERSUS**                                          **NO: 88-371**

**LOUIS CASTRO**                                    **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Defendant Louis Castro's *pro se* Motion for Compassionate Release (Doc. 220). For the following reasons, the Motion is DENIED.

## BACKGROUND

Defendant Louis Castro has served 31 years of a life sentence on six federal drug and firearm charges related to a conspiracy to import and distribute cocaine in 1988. Defendant now asks this Court for compassionate release pursuant to 18 U.S.C. § 3582(c) because of his age and health. The Government opposes.

1

## LEGAL STANDARD

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."[1] Section 3582(c), as amended by the First Step Act, states in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except that-- (1) in any case-- (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)     extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii)    the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

---

[1] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).

The Sentencing Commission's policy statement regarding compassionate release sets forth what facts are considered "extraordinary and compelling." "Although historically sentence reductions could be ordered only upon a motion by the Director of the Bureau of Prisons, the First Step Act of 2018 amended the statute to additionally allow prisoners to petition the Court."[2] The Sentencing Commission's policy statements have not, however, been amended since the enactment of the First Step Act, "and consequently, a portion of the policy statement now squarely contradicts 18 U.S.C. § 3582(c)(1)(A) as amended."[3] In recognizing this discrepancy,

> [m]any courts have concluded that this discrepancy means that the Sentencing Commission does not have a policy position applicable to motions for compassionate release filed by defendants pursuant to the First Step Act. Accordingly, other district courts have found that they have discretion to determine what constitutes an "extraordinary and compelling reason[ ]" on a case by case basis, and reliance on the policy statement may be helpful, but not dispositive.[4]

The policy statement states that, provided a defendant is not a danger to the community, extraordinary and compelling reasons exist under the following circumstances:

> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a

---

[2] United States v. Perdigao, No. CR 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020).

[3] *Id.*

[4] *Id.*

specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[5]

---

[5] U.S.S.G. 1B1.13.

## LAW AND ANALYSIS

Defendant alleges that he presented his request for compassionate release to the Warden of his facility on August 27, 2019, and it was denied on October 14, 2019.[6] Accordingly, he has exhausted his administrative remedies, and his motion is properly before this Court. Defendant's motion, although difficult to discern, appears to argue that there are extraordinary and compelling reasons for his release in light of his declining age and health problems. He asserts that in October 2017, he suffered a brain stroke that partially paralyzed his left side and left him with chronic care needs.

The Government opposes relief and argues that Defendant has failed to show an extraordinary and compelling reason as defined by the Sentencing Commission's policy statement. Specifically, it argues that Defendant is not suffering from a terminal illness, a condition that has substantially diminished his ability to provide self-care in the correctional facility, or a serious deterioration in physical or mental health because of the aging process. The Government provided this Court with a memorandum from Eduardo Marchand, MD, the clinical director at the facility where Defendant is housed. Dr. Marchand confirmed that Defendant suffered a cerebrovascular accident ("CVA") in 2017, which resulted in mild left hemiparesis and hyperesthesia on the lower left extremity. Defendant was found to be neurologically stable at visits in September 24, 2018 and March 18, 2019. Dr. Marchand, relying on the Bureau of Prisons Program Statement 5050.50 stated that:

> [T]he CVA has not caused [Defendant] to have either a life-threatening complication or resulted in him becoming

---

[6] Doc. 225-1.

5

incapacitated. Consequently, he does not have a debilitated medical condition, as he is neither a) "completely disabled, meaning the inmate cannot carry on any self-care and is totally confined to a bed or chair", or b) "capable of only limited self-care and is confined to a bed or chair more than 50% of waking hours."

Defendant has the burden to show that he is entitled to compassionate release.[7] He has failed to provide this Court with any evidence describing the severity of his condition or how it affects his ability to care for himself. He does not offer any evidence rebutting the Government's position that his condition is not sufficiently severe or debilitating. Accordingly, this Court cannot say that Defendant's condition provides an extraordinary and compelling reason for release under the Sentencing Commission's policy statement or otherwise.

## CONCLUSION

For the foregoing reasons, the Motion is DENIED.


New Orleans, Louisiana this 25th day of June, 2020.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[7] United States v. Stowe, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).